SO ORDERED.
SIGNED this 25th day of August, 2017



/s/ Shelley D. Rucker
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

| | |
|---|---|
| CARLTON MARK VOLLBERG | No. 1:16-bk-12276-SDR |
|     Debtors; | Chapter 11 |
| | |
| RONALD W. TOMPKINS M.D., | |
| JOSEPH WEAVER, AND CARDINAL | |
| MANAGEMENT SERVICES, | |
|     Plaintiffs, | |
| | |
| v. | |
| | |
| CARLTON MARK VOLLBERG, | Adversary Proceeding |
|     Defendant. | No. 1:17-ap-01011-SDR |

## MEMORANDUM

On June 3, 2016, Carlton Mark Vollberg ("Defendant" or "Debtor") filed a chapter 11 bankruptcy. On March 15, 2017, creditors Joseph Weaver, Ronald W. Tompkins, M.D., and Cardinal Management Services("CMS") (together "Plaintiffs") filed this adversary proceeding

asking the court to determine the full extent of each of their debts, to determine any counterclaim that the Debtor may have against Plaintiffs, and to grant attorney's fees for the prosecution of this action. On May 1, 2017, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. Defendant asserts that dismissal is appropriate because (a) the request for relief is outside the scope of the declaratory judgment provision in Federal Rule of Bankruptcy Procedure 7001, and (b) the complaint fails to contain sufficient information to support a claim of a particular amount and to determine what collateral secures those loans. The court will dismiss the case *sua sponte* because it lacks subject matter jurisdiction as explained below. Defendant's motion to dismiss will then be moot.

## I. Jurisdiction

Actions regarding the allowance or disallowance of claims and determinations of the validity of liens are core proceedings. *See* 28 U.S.C. § 157(b)(2)(B) & (K). However, for the reasons provided below, the court has determined that this claim is not ripe for review, which means the court lacks subject matter jurisdiction. Therefore, the proceeding must be dismissed.

## II. Statement of Material Facts

Plaintiffs have filed a detailed complaint which outlines how each of their claims against the Debtor arose, how much is owed, the nature of the claim, and how Debtor proposed to treat those claims in his bankruptcy plan. However, because the court has determined that it lacks subject matter jurisdiction, only those facts pertinent to the jurisdictional analysis are presented here.

Debtor filed a chapter 11 bankruptcy on June 3, 2016. [Case No. 1:16-bk-12276-SDR ("Main Case"), Doc. No. 1, Voluntary Petition for Individuals Filing for Bankruptcy.] On his schedules, he listed several debts owed to the various Plaintiffs in this case. [Main Case, Doc.

No. 18, Schedule E/F: Creditors Who Have Unsecured Claims.] Several of Plaintiffs' claims were listed as being owed $1.00. [*Id.*] Debtor did not list any of Plaintiffs' debts as being secured. [Main Case, Doc. No. 17, Schedule D: Creditors Who Have Claims Secured by Property.]

On June 7, 2016, Plaintiff Joseph Weaver filed proofs of claim numbers 1 through 5 totaling $11,395, none of which was claimed as secured. On July 14, 2016, Plaintiff CMS filed proofs of claim numbers 12 through 14 totaling $767,739.67, all of which were claimed as secured. Also on July 14, 2016, Plaintiff Ronald Tompkins filed proofs of claim numbers 15 through 18 totaling $217,463.36, of which he claimed $103,744.81 is secured. To date, Debtor has not objected to any of these claims.

On February 22, 2017, Debtor filed an amended plan of reorganization. [Main Case, Doc. No. 176.] Paragraph 4.3 of that plan states that the Debtor believes he has viable claims against Plaintiffs for "violation of various laws and ethical duties and responsibilities" but that he will forego such claims if Plaintiffs accept his proposed plan. [*Id.*] On July 17, 2017, the Debtor filed a motion to dismiss his case and withdrew his amended plan of reorganization. [Main Case, Doc. No. 312.]

### III. Analysis

Federal courts have limited jurisdiction. *Adcock v. Firestone Tire and Rubber Co.*, 822 F.2d 623, 627 (6th Cir. 1987). Before the court may consider any compliant, it must first determine that there is a case or controversy ripe for review. *Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992). The Sixth Circuit has explained the process:

> [B]efore addressing the merits of any appeal, we must be convinced that the claim in question is ripe for review, even if neither party has raised this issue. "The jurisdiction of federal courts is limited by Article III of the United States Constitution to consideration of actual cases and controversies, therefore federal

3

courts are not permitted to render advisory opinions." *Adcock v. Firestone Tire and Rubber Co.,* 822 F.2d 623, 627 (6th Cir. 1987). "Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed. This deficiency may be raised *sua sponte* if not raised by the parties." *Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), cert. denied, 116 L. Ed. 2d 333, 112 S. Ct. 382 (1991) (citation omitted).

*Id.*

The court is not convinced the complaint in this case is ripe for review. The Supreme Court has established a two part test for determining if a case is ripe for review. *Abbott Labs. v. Gardner*, 387 U.S. 136, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967). This test is succinctly explained as follows:

> The Supreme Court thus requires application of a two-part test to determine whether a case is ripe for judicial action: First, whether the issues are fit for judicial decision--that is, whether there is a present case or controversy between the parties, *see Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506, 32 L. Ed. 2d 257, 92 S. Ct. 1749 (1972); *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977, 28 USPQ2d 1124, 1126 (Fed. Cir. 1993); and second, whether there is sufficient risk of suffering immediate hardship to warrant prompt adjudication--that is, whether withholding judicial decision would work undue hardship on the parties, *MacMullan*, 406 U.S. at 506; *Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n*, 461 U.S. 190, 200-01, 75 L. Ed. 2d 752, 103 S. Ct. 1713 (1983) (quoting *Abbott Labs.*, 387 U.S. at 149). Both prongs must be satisfied before an Article III court may apply its adjudicative powers to a case's merits. *See Western Oil & Gas Ass'n v. Sonoma County*, 905 F.2d 1287, 1291 (9th Cir. 1990) (Ninth Circuit inquires whether "the controversy generated is essentially legal in nature or whether further factual amplification is necessary [and] . . . assess[es] potential hardship to the parties if review is denied"), cert. denied sub nom. *Western States Petroleum Ass'n v. Sonoma County*, 498 U.S. 1067, 112 L. Ed. 2d 846, 111 S. Ct. 784 (1991).

*Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1580-81 (Fed. Cir. 1993).

Even though Defendant has not raised ripeness, the court must dismiss this matter if the complaint fails either prong of the test because it will lack subject matter jurisdiction. FED. R. BANKR. P. 7012(b); FED. R. CIV. P. 12(h)(3).

4

Plaintiffs essentially seek two forms of relief.  First, Plaintiffs want a determination of the value and the secured status of their claims.  Second, they also want the court to rule as to whether Debtor has any counter claims against them, and, if so, to determine the value of those claims.

Taking each of these in turn, the court notes that Plaintiffs have filed proofs of claim in this case for all of the debts at issue.  Debtor, despite scheduling these debts for significantly less than the claimed amounts, has not objected to any of Plaintiffs' proofs of claim.  11 U.S.C. § 502(a) states that "a claim. . . proof of which is filed. . . is deemed allowed, unless a party in interest. . . objects."  Because no one has objected to Plaintiffs' proofs of claim, those claims are deemed allowed at the amount listed on each proof of claim, despite those amounts being significantly different than the amounts found on Debtor's schedules.  To the extent that those proofs of claim were filed for secured debt, the claims will be treated as such unless a party in interest objects.  It appears to the court that Plaintiffs are attempting to preemptively overcome Debtor's objections to their proofs of claim.  This they cannot do.  Their claims are deemed allowed; and until a party in interest, such as the Debtor, objects, they will continue to be so.  Plaintiffs cannot force the Debtor to object to their claims.  Because Plaintiffs' claims are deemed allowed, there is no case or controversy regarding the value or the secured status of Plaintiffs' claims before this court.[1]  Therefore, this complaint fails the first prong of the Supreme Court's test, this issue is not ripe for review, and the court must dismiss it.

To the extent that Debtor had failed to provide for Plaintiffs' claims in his proposed plan, the Bankruptcy Code already provides Plaintiffs with a means to prevent confirmation through an objection to the plan based on the requirements of 11 U.S.C. § 1129.  However, even that

---

[1] Plaintiffs also have an adversary proceeding pending against Debtor, seeking to have certain debts owed to them declared non-dischargeable.  There have been no counterclaims filed that case, which still has a motion to dismiss pending.

issue no longer exists since Debtor has withdrawn his plan and is seeking dismissal of his Chapter 11.

Second, Plaintiffs want the court to rule as to whether Debtor has any counter claims against them. This issue seems to arise from the fact that Debtor "threatened legal actions against [Plaintiffs] if [they did] not accept the plan." [Doc. No. 1, Complaint to Determine Amount of Security Interest of Debts ¶¶ 18, 35, 47, 61, 68, 76, 84, 92, 100, 117, 134.] Whether or not Debtor has legitimate legal claims against Plaintiffs, this court is not in a position to say, since they have not been asserted, only mentioned in a pleading that has been withdrawn. The Plaintiffs hold allowed claims and there is no present case or controversy between the parties.

Nor does the court find that there is a risk of immediate hardship on these Plaintiffs. To the extent that Debtor has listed potential lawsuits as assets on his schedules and attempts to use them in the future to negotiate confirmation of a plan, Plaintiffs may simply object to the confirmation of the plan on the grounds that they believe the asset is without value and thus they are not being treated as the Bankruptcy Code provides. Debtor would then be forced to prove that his legal claims are viable and therefore have value. *See In re Sagewood Manor Assocs. Ltd. Pshp.*, 223 B.R. 756, 761 (Bankr. D. Nev. 1998) (proponent of plan has burden to prove that the plan complies with 11 U.S.C. § 1129); *In re Keaton*, 88 B.R. 154, 156 (Bankr. S.D. Ohio 1988). This action fails both prongs of the Supreme Court's test and is not ripe for review. Thus, the court must dismiss it.

Finally, Plaintiffs request that their attorney's fees for this adversary proceeding be charged to Debtor. Because the court has determined that there is no case or controversy ripe for review, Plaintiffs are not entitled to their attorney's fees in this proceeding.

## IV. Conclusion

Because there is no case or controversy ripe for review, this court lacks subject matter jurisdiction. The only action the court may take is to dismiss the matter *sua sponte*. Therefore, the matter will be dismissed. Such dismissal is without prejudice to Plaintiffs' ability to file a complaint should a case or controversy related to these issues become ripe in the future.

A separate order shall enter.

###